IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| M<span>AHMOUD</span>, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>M<span>C</span>K<span>NIGHT</span>, *et al.*,<br><br>*Defendants*. | Case No. 23-1380<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO OMIT PLAINTIFFS' HOME ADDRESSES FROM CAPTION** |

***Introduction***. This case is about whether parents have the right to opt their elementary-age children out of classroom instruction that promotes one-sided transgender ideology, encourages gender transitioning, and focuses excessively on romantic infatuation. Plaintiffs (collectively, the "Parents") have filed this lawsuit against the Montgomery County Board of Education and its superintendent and board members (collectively, "the School Board"). Given the context and salience of this case, the Parents are concerned that including their personal addresses on the public record presents some risk of privacy violations and even targeted harassment for them and their children. Accordingly, they move the Court for permission to omit their and the Defendants' addresses from the Complaint. *See* Local Rule 102.2(a). Because the parties' "addresses are of minimal import to furthering the openness of judicial proceedings," the Court should grant the motion. *Edgar v. Coats*, 454 F. Supp. 3d 502, 522 (D. Md. 2020) (cleaned up) (granting the same relief).

***Disclosure of home addresses is not required when it infringes privacy, risks danger, and prejudices no one.*** "[T]he Fourth Circuit has held that while the public has an important interest in open judicial proceedings, compelling concerns relating to personal privacy or confidentiality may warrant some degree of anonymity." *Edgar*, 454 F. Supp. 3d at 521 (cleaned up) (citing *Doe v. Pub. Citizen*, 749 F.3d 246, 273 (4th Cir. 2014)). "[W]hen weighing the need for open judicial proceedings against a litigant's concern for privacy," courts consider a handful of "nonexclusive factors." *Casa de Maryland, Inc. v. Trump*, No. GJH-18-845, 2018 WL 1947075, at *1 (D. Md. Apr. 25, 2018). They are: (1) whether the requesting party seeks to withhold his address "to preserve privacy in a matter of sensitive and highly personal nature;" (2) "whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent nonparties;" (3) "the ages of the person whose privacy interests are sought to be protected;" (4) "whether the action is against a governmental or private party;" and (5) "the risk

1

of unfairness to the opposing party." *Pub. Citizen*, 749 F.3d at 273 (cleaned up). While these factors are "instructive," they need not all be considered or satisfied. *See Casa de Maryland*, 2018 WL 1947075, at *1 n.3; *see also Zaid v. Dep't of Homeland Sec.*, No. CV DKC 22-1602, 2022 WL 4448863, at *2 (D. Md. Sept. 23, 2022) (pertinent factors supported plaintiff's request "[o]n balance"). To omit the addresses from the complaint, what ultimately matters is that there are "limited countervailing public interests at play." *Edgar*, 454 F. Supp. 3d at 522. That's undoubtedly the case here.

***This matter is sensitive, highly personal, and involves minors' privacy.*** Here, Plaintiffs "seek[] to preserve [their] privacy in a highly sensitive and personal matter" and are not "seeking merely to avoid . . . annoyance and criticism." *Portillo v. H Rest. & Night Club LLC*, No. GJH-21-2894, 2022 WL 2703835, at *2 (D. Md. July 12, 2022) (cleaned up). This weighs in favor of Plaintiffs' request. *Id.* (granting motion to omit plaintiff's home address in lawsuit involving sexual matters). This is self-evident from the core claim of this case: a right to opt their children out of classroom instruction that interferes with the Parents' ability to direct their children's religious and moral upbringing on family life and human sexuality. Indeed, even the School Board's own Religious Diversity Guidelines acknowledge that "calling attention to the student's religion"—no matter the subject—can "invade student privacy." *See* Compl Ex. A at 3-4. That's true on deeply personal issues of sexual identity and religious beliefs.

***The identification of home addresses poses a risk of retaliation and other harm.*** The "spirited debate" surrounding transgender ideology and public-school curricula has become so intense that the Department of Justice has enhanced "[c]oordination and partnership with local law enforcement."[1] Nationally, those who

---

[1] Memorandum from Attorney General, *Partnership Among Federal, State, Local, Tribal and Territorial Law Enforcement to Address Threats Against School*

2

have publicly advocated against transgender ideology, including in the school system, have recently been exposed to threats and outright physical attacks.[2] These risks cannot be allayed simply by redacting the Parents' addresses. One courthouse leak in a controversial case can subject those involved to violent attacks.[3]

Here in Montgomery County, these issues are the subject of intense public concern—including petitions with over 800 signatories, protests at school board meetings, and one Board member saying that taking the Parents' position "'is just telling [a] kid there is another reason to hate another person.'"[4] Given this context, there is good reason for the Parents to safeguard their home addresses—for themselves and their minor children. *See Edgar*, 454 F. Supp. 3d at 521-22 (cleaned up) (granting similar relief where plaintiff engaged in "public advocacy on issues of misogyny, racism, and sexual violence").

***The public's interest in home addresses is minimal.*** "[U]nlike private parties, the Government is not vulnerable to the reputation and economic harm associated with having a suit filed against it such that the Court would need to require full

---

*Administrators, Board Members, Teachers, and Staff*, U.S. Dep't of Just. (Oct. 1, 2021), https://perma.cc/2Z58-EAE4.

[2]   *See, e.g.*, Natasha Chen & Cheri Mossburg, *Former college swimmer says she was assaulted at an event opposing the inclusion of trans women in women's sports*, CNN (Apr. 8, 2023), https://perma.cc/8PN3-DXSR; Gabriel Hays, *WATCH: Conservative activist bloodied and bruised at pro-trans rally in Canada: 'Police did nothing,'* Fox News (Apr. 1, 2023), https://perma.cc/TUD9-SP4A; Hannah Natanson & Tom Jackman, *Loudon school board cuts short public comment during unruly meeting; one arrested*, The Washington Post (June 23, 2021), https://perma.cc/SQ9D-VANM.

[3]   *See* James Taranto & David B. Rivkin Jr., *Justice Samuel Alito: 'This Made Us Targets of Assassination,'* Wall Street Journal (Apr. 28, 2023), https://perma.cc/WMY9-SW9T; Maria Cramer & Jesus Jiménez, *Armed Man Traveled to Justice Kavanaugh's Home to Kill Him, Officials Say*, New York Times (June 8, 2022), https://perma.cc/7SGF-9S86.

[4]   Nicole Asbury, *Some Montgomery parents want to opt out of new books featuring LGBTQ characters*, The Washington Post (Apr. 11, 2023), https://perma.cc/4WSQ-FVQB (quoting School Board Member Lynne Harris).

3

disclosure of a plaintiff's identity in the interest of fairness." *Casa de Maryland*, 2018 WL 1947075, at *2.

***No prejudice.*** For several reasons, granting Plaintiffs' motion would cause no conceivable prejudice to anyone. First, the School Board already has all the identifying information about Plaintiffs that it needs—including the full names of the Student Plaintiffs and Plaintiffs' home addresses. This fact leaves "no risk of unfairness to the opposing party." *Zaid*, 2022 WL 4448863, at *2. Second, it is beyond dispute that Plaintiffs' home addresses are not "relevant to any questions before the Court." *Edgar*, 454 F. Supp. 3d at 522; *see also Casa de Maryland*, 2018 WL 1947075, at *2 (no prejudice where addresses not relevant). Finally, the public interest remains intact. "Plaintiffs' addresses are of minimal import to furthering the openness of judicial proceedings." *Edgar*, 454 F. Supp. 3d at 522 (cleaned up). "Given that the Complaint extensively describes each Movant's . . . background and identifies their state [and county] of residence, there can be little if any confusion about their identities, and any ambiguity that did exist would not be remedied by ordering disclosure of their home addresses." *Id.*

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' Motion.

Respectfully submitted this 24th day of May, 2023.

/s/ James C. Mehigan
James C. Mehigan, (Bar #: 16239)
MEHIGAN LAW GROUP PLLC
11921 Freedom Drive
  Suite 550
Reston, Virginia 20190
(703) 774-7281
jmehigan@mehiganlawgroup.com

Eric S. Baxter
  (admission pending)

4

William J. Haun
  (pro hac vice pending)
Michael J. O'Brien*
  (pro hac vice pending)
Brandon L. Winchel**
  (pro hac vice pending)
THE BECKET FUND FOR RELIGIOUS LIBERTY
1919 Pennsylvania Ave, N.W.
  Suite 400
Washington, DC 20006
(202) 955-0095
ebaxter@becketlaw.org

*Attorneys for Plaintiffs*

*Not a member of the DC Bar; admitted in Louisiana. Practice limited to cases in federal court.

**Not a member of the DC Bar; admitted in California. Practice limited to cases in federal court