**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES DISTRICT JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0637
MDD_DLBChambers@mdd.uscourts.gov

August 8, 2024

**LETTER ORDER**

RE:   *Tamer Mahmoud, et al. v. Thomas W. Taylor, et al.*
      DLB-23-1380

Dear Counsel:

On May 24, 2023, the plaintiffs—parents of elementary-aged children enrolled in the Montgomery County Public Schools ("MCPS")—brought this case against the MCPS superintendent, the Montgomery County Board of Education, and the Board's elected members for violating their and their children's First Amendment rights. The next month, the plaintiffs moved for a preliminary injunction. I denied the motion. The plaintiffs appealed, and the U.S. Court of Appeals for the Fourth Circuit affirmed. On June 6, 2024, the Fourth Circuit issued its mandate, returning the case to me.

On June 17, you jointly moved to resume proceedings. In particular, you asked that I order the defendants to respond to the complaint by July 18 and the parties to submit a joint scheduling order by July 31. I granted the motion. On July 18, the defendants moved to dismiss the amended complaint for lack of subject matter jurisdiction and for failure to state a claim. On July 26, you jointly moved for an extension of the briefing schedule. On July 29, I granted the joint motion for an extension and ordered the plaintiffs to respond to the motion to dismiss by August 30 and the defendants to file a reply by September 27.

In your July 31 joint status report, you informed me that the parties had not agreed that a scheduling order should be entered. The plaintiffs' position is that the Court should enter an order scheduling discovery. The defendants' position is that the Court should stay discovery pending resolution of the motion to dismiss.

I will not allow discovery in this case yet. Under the Local Rules, "discovery shall not commence and disclosures need not be made until a scheduling order is entered." Loc. R. 104.4. A district court has "wide discretion to control the discovery process." *Stone v. Trump*, 356 F. Supp. 3d 505, 513–14 (D. Md. 2018) (cleaned up) (quoting *Thigpen v. United States*, 800 F.2d 393, 397 (4th Cir. 1986), *overruled on other grounds by Sheridan v. United States*, 487 U.S. 392 (1988)). Although motions to stay discovery typically face "a rather high hurdle," that hurdle is routinely overcome when a dispositive motion is pending. *Baron Fin. Corp. v. Natanzon*, 240 F.R.D. 200, 202–03 (D. Md. 2006). Under that circumstance, the ordinary course is to stay discovery until the motion is resolved. *See Stone*, 356 F. Supp. 3d at 513; *Wymes v. Lustbader*,

No. WDQ-10-1629, 2012 WL 1819836, at *4 (D. Md. May 16, 2012) (collecting cases). That is even more appropriate where, as here, the defendants moved to dismiss before the issuance of a scheduling order. *See, e.g.*, *Thompson v. Dorsey*, No. ELH-10-1364, 2011 WL 2416631, at *1 (D. Md. June 9, 2011). Postponing discovery until the resolution of a dispositive motion is "an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Wymes*, 2012 WL 1819836, at *4 (quoting *Coastal States Gas Corp. v. Dep't of Energy*, 84 F.R.D. 278, 282 (D. Del. 1979)). There is no reason for this case to deviate from the ordinary, efficient course.

The factors some courts have considered in evaluating motions to stay discovery pending resolution of a dispositive motion also favor declining to enter a scheduling order before the motion dismiss is resolved. *See Océ N. Am., Inc. v. MCS Servs., Inc.*, No. WMN-10-984, 2011 WL 13217390, at *1–2 (D. Md. Mar. 1, 2011) ("When considering a stay of discovery pending the outcome of a dispositive motion, courts *may* consider: the potential for the dispositive motion to terminate all claims in the case or all claims against a particular party; the merits of the dispositive motion; and the irrelevancy of the discovery to the dispositive motion.") (emphasis added) (citation omitted). The motion to dismiss would, if granted, terminate all claims in this case. And discovery appears irrelevant to the motion. To be sure, the plaintiffs may be entitled to limited jurisdictional discovery if such discovery is necessary to sustain the factual predicates for this Court's jurisdiction. *See Chaudry v. Mobil Oil Corp.*, 186 F.3d 502, 505 (4th Cir. 1999). However, the defendants claim their motion challenges the complaint on purely legal grounds, and the plaintiffs do not claim that discovery is necessary to sustain the Court's jurisdiction. I need not and do not make any determination about the merits of the motion to dismiss.

I decline to enter a scheduling order and allow discovery to commence. I will rule on the motion to dismiss after it is fully briefed.

Although informal, this letter is an Order of the Court and shall be docketed as such.

Sincerely,

*[signature]*

Deborah L. Boardman
United States District Judge