IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TAMER MAHMOUD, *et al.*,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>THOMAS W. TAYLOR, *in his official capacity as Superintendent of the Montgomery County Board of Education, et al.*,<br><br>    *Defendants*. | Case No. 8:23-cv-01380-DLB |

**CONSENTED ENTRY OF JUDGMENT AND PERMANENT INJUNCTION**

Plaintiffs Tamer Mahmoud and Enas Barakat; Jeff and Svitlana Roman; and Chris and Melissa Persak, in their individual capacities and ex rel. their minor children; and Kids First, an unincorporated association of parents and teachers, filed this case in 2023, alleging various federal and state constitutional and statutory violations on the part of Defendants (collectively, "the Board" or "Defendants"). Plaintiffs moved for a preliminary injunction on some of those claims. This Court denied that motion in an opinion reported at 688 F. Supp. 3d 265 (D. Md. 2023). The Fourth Circuit upheld that decision in a decision reported at 102 F.4th 191 (4th Cir. 2024). The Supreme Court granted certiorari and reversed in a decision reported at 606 U.S. 522 (2025). The facts and history of this litigation are recounted at length in those decisions.

Plaintiffs and Defendants (collectively, the "Parties"), desiring that this action be settled by appropriate consent judgment and without the burden of protracted litigation, agree to the jurisdiction of this Court over the Parties and the subject matter of this action. Subject to the Court's approval of this consent judgment and permanent injunction, the Parties waive a hearing and findings of fact and conclusions of law on all issues unaddressed by the U.S. Supreme Court's decision.

1

The Parties further agree that this Agreement resolves all issues raised in the Complaint, and is final and binding on Plaintiffs, the Board, and their respective officials, agents, employees, and successors.

It is therefore, ORDERED, ADJUDGED, and DECREED as follows:

### Supreme Court Decision and Injunctive Relief

In light of the decision of the Supreme Court, Plaintiffs have demonstrated success on the merits of Count I of their Complaint. Plaintiffs have also shown irreparable injury in relation to that claim. Finally, injunctive relief is in the public interest and supported by the equities. *See Mahmoud*, 606 U.S. at 569.

### Resolution of the Litigation

Defendants agree that they shall not appeal from any ruling that adopts this Agreement. Defendants further agree that the relief granted herein is fair and equitable, and they will defend the terms of this Agreement if it is challenged in court. However, notwithstanding the above, they reserve the right to seek reconsideration or appeal should the Court not enter the entirety of the relief agreed to herein.

Plaintiffs agree that they shall not appeal from any ruling that adopts this Agreement. Plaintiffs further agree that the relief granted herein is fair and equitable, and they will defend the terms of this Agreement if it is challenged in court. However, notwithstanding the above, they reserve the right to seek reconsideration or appeal should the Court not enter the entirety of the relief agreed to herein.

The parties agree that judgment should be entered in Plaintiffs' favor on Count I, entitled "Violation of the First Amendment to the U.S. Constitution, Free Exercise Clause, Religious Upbringing of Children." This is a final adjudication on the merits of that claim, and Plaintiffs are prevailing parties in this litigation. Plaintiffs agree that their remaining claims shall be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a). If this Agreement is adopted by the Court in its entirety,

it shall be construed as a self-executing notice of voluntary dismissal by Plaintiffs of all remaining claims with prejudice pursuant to Rule 41(a).

The parties agree that, in the event this Agreement is appealed or subsequently modified, Plaintiffs may appeal that action, and, in the event the Agreement is not upheld, may re-assert any or all of Claims II-VI in that circumstance.

The parties also agree that as of the date that this Agreement is filed with the Court, they will begin to perform their respective obligations under this Agreement.

Plaintiffs and Defendants agree that Plaintiffs are the prevailing parties and therefore are entitled to reasonable attorneys' fees and costs, which they shall address in a separate agreement ("Separate Agreement").

## Injunction and Order

Accordingly, in light of the foregoing and upon Plaintiffs' and Defendants' consent, it is hereby:

1. **ORDERED**, that the Board shall notify the Plaintiffs in advance whenever one of the books in question or any similar book is to be used in any way and shall allow Plaintiffs to have their children excused from that instruction. Notice may be provided by the Board by (1) publishing via email to parents, prior to each marking period, descriptions of all core instructional texts and supplemental texts and materials (including videos) that have been approved for use during the marking period for each grade level; (2) identifying for each grade level all core instructional texts and supplemental texts and materials (including videos) that address the family life and human sexuality objectives identified in the Maryland Comprehensive Health Education Framework for that grade level; and (3) instructing all schools and teachers to provide accurate information to any parents who request information about when any such approved texts or materials will be used in the classroom; and

2. **ORDERED** that this permanent injunction shall take effect immediately; and

4

3. **ORDERED** that Plaintiffs' notice of voluntary dismissal with prejudice of Counts II-VI is hereby entered and those claims are **DISMISSED WITH PREJUDICE**; and

4. **ORDERED** that this Court shall retain jurisdiction over this action for purposes of implementing and enforcing the final judgment and any additional orders necessary, including over any disputes arising from the Separate Agreement.

**IT IS SO ORDERED.**

Dated: February 19, 2026

                                                                                                        _____
                                                                                                        Hon. Deborah L. Boardman
                                                                                                         United States District Judge